JOHN S. WALLACE, plaintiff in error *v.* ORIN JEROME, defendant in error.

*Error to Will.*

An application to set aside a default, is addressed to the sound discretion of the Court, and the manner of the exercise of that discretion, cannot be assigned for error.

A motion to set aside a default, does not come within the provisions of the act of July, 1837.

THE motion to set aside the default in this case, was made and decided at the September term, 1838, of the Will Circuit Court, the Hon. John Pearson presiding. The affidavit of the plaintiff in error, the defendant in the Court below, stated that when the summons was served upon him, the sheriff informed him that it was a summons for him as a witness, to appear at the April term, 1838; and that he had never been summoned in this cause, and had a full defence to the action.

G. A. O. BEAUMONT, M. SKINNER, and G. SPRING, for the plaintiff in error.

J. BUTTERFIELD, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *trover* commenced by Jerome against Wallace. At the return term of the summons, (April term, 1838,) a default was entered for want of a plea, and at the next term a writ of Inquiry was executed, and judgment given for the plaintiff. On the day after the judgment was rendered, the defendant below filed an affidavit made by himself, and moved the Court that the judgment be opened, reversed, and set aside. This motion was overruled.

The proceedings in the Court below are regular on their face; and the application to set aside the judgment below was addressed to the sound discretion of the Court. Where discretion exists, this Court has frequently decided, that error cannot be assigned.

The overruling of the motion does not come within the statute passed 21st July, 1837,(1) authorizing exceptions to be taken to opinions and decisions of the Circuit Courts, overruling motions in arrest of judgment, for new trials, and for continuances of causes. It is consequently unnecessary to express an opinion whether the defendant produced sufficient grounds to authorize the Circuit Court to have set aside the judgment.

(1) Acts of July 1837, 109; Gale's Stat. 540.

The judgment below is affirmed with costs.
*Judgment affirmed.*

Note. See Ditch *v.* Edwards, *Ante* 127; Harmison *v.* Clark *et al., Ante* 131; Garner *et al. v.* Crenshaw, *Ante* 143.